UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES C. SILVAS, an individual, and MONICA SILVAS, an individual,<br><br>            Plaintiffs,<br><br>   vs.<br><br>FIRST HORIZON HOME LOANS, MET LIFE HOME LOANS, a division of METLIFE BANK, a Texas Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; FIDELITY NATIONAL TITLE AGENCY OF NEVADA, a Nevada Corporation; MERS Corporation, a Delaware Corporation; DOE Individuals I through X, inclusive; and ROE Corporations, I through X, inclusive, all other persons unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to the Plaintiff's ownership, or any cloud upon Plaintiff's title thereto,<br><br>            Defendants. | Case No.: 2:11-cv-00701-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#6) |

      Before the Court is Defendant Quality Loan Service Corporation's **Motion to Dismiss** (#6, filed May 31, 2011) based on a failure to state a claim. Plaintiffs never responded.

/

1

AO 72
(Rev. 8/82)

If one party files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the party against whom that motion is filed must file points and authorities in opposition to that motion within fourteen (14) days after the service of the motion. Local Rule 7-2(b). The failure of a party to file points and authorities in opposition to any motion constitutes a consent to the Court's grant of the motion. Local Rule 7-2(d).

Rule 7-2(d) of the Local Rules of Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). It has been said these local rules have the force of law no less than the federal rules or acts of Congress. *United States v. Hvass*, 355 U.S. 570, 574–75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Ky. v. Miller*, 394 U.S. 100 (1969).

Pursuant to the Local Rules of this Court, any response to Defendants' Motion was to be filed months ago. Because no response or opposition to the Motion was filed pursuant to the Local Rules, the Court grants Defendants' Motion to Dismiss. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Further, the Court notes that it has reviewed the motion and finds that it has independent merit.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#6) is GRANTED.

Dated: October 19, 2011.

                                                **ROGER L. HUNT**
                                                **United States District Judge**

AO 72
(Rev. 8/82)