1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

# * * *

| | | |
|---|---|---|
| JAMES C. SILVAS, *et al.*, | ) | Case No.: 2:11-cv-00701-RLH-PAL |
| | ) | |
| Plaintiffs, | ) | **O R D E R** |
| | ) | |
| vs. | ) | (Motion to Dismiss–#19) |
| | ) | |
| FIRST HORIZON HOME LOANS, MET LIFE | ) | |
| HOME LOANS, a division of MET LIFE | ) | |
| BANK, a Texas Corporation; FIDELITY | ) | |
| NATIONAL TITLE AGENCY OF NEVADA, a | ) | |
| Nevada Corporation; MERS Corporation, a | ) | |
| Delaware Corporation; NATIONSTAR | ) | |
| MORTGAGE; a Texas Corporation; DOE | ) | |
| individuals I through X, inclusive; and ROE | ) | |
| corporations I through X, inclusive, all other | ) | |
| persons unknown claiming any right, title, | ) | |
| estate, lien or interest in the real property | ) | |
| described in the Complaint adverse to Plaintiff's | ) | |
| ownership, or any cloud upon Plaintiff's title | ) | |
| thereto, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |

            Before the Court is Defendants First Horizon Home Loans, Mers Corporation,

Mortgage Electronic Registration Systems Inc., and Nationstar Mortgage's **Motion to Dismiss**

(#19, filed July 19, 2012) based on Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The

AO 72
(Rev. 8/82)

1   Court has also considered Plaintiffs James C. Silvas and Monica Silvas's Opposition (#25, filed

2   Aug. 3), and Defendant's Reply (#26, filed Aug. 13).

3                                    **BACKGROUND**

4              In September, 2004, Plaintiffs entered into a loan agreement and purchased the real

5   property located at 2305 W. Horizon Ridge Parkway, #1513, Henderson, NV 89052.  Shortly

6   thereafter, the Plaintiffs refinanced the loan through a deed of trust from Defendant First Horizon

7   Home Loans.  After Plaintiffs failed make required monthly payments, Defendants initiated a non-

8   judicial foreclosure sale.

9              This case is here on removal from state court.  Plaintiffs plead for injunctive relief

10  and allege eight causes of action: 1) Violations of the Federal Truth in Lending Act, 2) Violations

11  of the Home Ownership and Equity Protection Act, 3) Violations of Real Estate Settlement

12  Procedures Act, 4) Unfair Lending Practices, 5) Breach of the Covenant of Good Faith and Fair

13  Dealing, 6) Fraud, 7) Emotional Distress, and 8) Quiet Title.  Defendants have now filed this

14  motion to dismiss, which for the reasons discussed below, the Court grants.

15                                   **DISCUSSION**

16  **I. Legal Standard**

17             A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

18  relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

19  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

20  8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   While Rule 8 does not require

21  detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

22  recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

23  (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise

24  above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a

25  complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its

26  face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

AO 72
(Rev. 8/82)

1    In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts

2    are to apply when considering motions to dismiss.  First, a district court must accept as true all

3    well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

4    assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only

5    by conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider

6    whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A

7    claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw

8    a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 1949.  Where

9    the complaint does not permit the court to infer more than the mere possibility of misconduct, the

10   complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal

11   quotation marks omitted).  When the claims in a complaint have not crossed the line from

12   conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

13   The Court also notes the well-established rule that *pro se* complaints are subject to

14   "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally

15   construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

16   **II. Analysis**

17   **A. Injunctive Relief**

18   Plaintiffs allege Defendants do not possess the original note and thus lacked

19   authority and standing to institute foreclosure proceedings.  Plaintiffs assert that they are "entitled

20   to injunctive relief to prevent this harm."  Plaintiffs' request for injunctive relief fails because

21   Defendants do not need to produce the note to the property in order to proceed with a non-judicial

22   foreclosure.  *See* NRS § 107.080.  Consequently, the Court dismisses Plaintiffs' request for

23   injunctive relief.

24   **B. Truth in Lending Act (15 U.S.C. § 1640)**

25   The Federal Truth in Lending Act ("TILA") requires creditors to disclose certain

26   information about the terms of a particular loan to the prospective borrower.  *See e.g.*, 15 U.S.C.

AO 72
(Rev. 8/82)

3

1   §§ 1631-32, 1638; 12 C.F.R. § 226.17.  The recision remedy that the statute provides is limited by

2   a three-year statute of limitations for recision.  15 U.S.C. § 1635(f).  This provision "completely

3   extinguishes the right of rescission at the end of the 3 year period."  *Beach v. Ocwen Federal*

4   *Bank*, 523 U.S. 410 (1998).  While there has been some disagreement about whether the statue of

5   limitations period begins upon execution of the contract or discovery of the violation, *see Katz v.*

6   *Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981), in most cases, courts have not been

7   required to reach this question since plaintiffs possess all information relevant to the discovery of

8   any non-disclosures at the time the documents of the loan are signed.  *See Meyer v. Ameriquest*

9   *Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  Thus, where a plaintiff has all the necessary

10  information to be aware of TILA violations at the time the documents are signed, the statute of

11  limitations begins to run. *See id*.

12          Plaintiffs request recision, and are thus bound by the three-year statute of

13  limitations.  Plaintiffs entered the loan agreement on January 10, 2005.  Plaintiffs assert that

14  Defendant's materially misrepresented the cost of lending, understated the finance charge, failed to

15  provide the Consumer Handbook on Adjustable Rate Mortgages, and failed to disclose the Yield

16  Spread Premium paid to the broker.  Taking these Plaintiffs' allegations as true, Plaintiffs had all

17  the information needed to discover the failed disclosures at the time they signed the loan

18  documents.  Thus, the three-year statute of limitations period began running when the loan

19  documents were signed in 2005, and expired in 2008, more than three years prior to the filing of

20  their complaint.  For this reason, the Plaintiff's TILA claim fails as a matter of law.

21  **C. Home Ownership and Equity Protection Act (12 C.F.R. § 226)**

22          Plaintiffs allege Defendants violated HOEPA because they "did not furnish [them]

23  with the necessary disclosures required under Regulation Z," which is found in 12 C.F.R. § 226.

24  This conclusory, vague allegation is not sufficient to state a claim that rises above the speculative

25  level.  Regulation Z comprises the bulk of 12 C.F.R. § 226 and contains several hundred

26  paragraphs of regulations.  Plaintiffs have not indicated what specific parts of Regulation Z have

been violated or what HOEPA documents Defendants failed to give to them.  The Court therefore has nothing concrete to work with other than the conclusory assertion that Defendants violated Regulation Z.  Because this is not sufficient under Rule 12(b)(6), the Court dismisses Plaintiffs' HOEPA claim.

### D. Real Estate Settlement Procedures Act (12 U.S.C. § 2601)

Plaintiffs also allege Defendants violated various provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*  Specifically, Plaintiffs claim Defendants violated § 2605 by failing to provide a good faith estimate of anticipated closing costs and by failing to disclose that the note could be assigned to another company.  Plaintiffs also allege Defendants violated § 2607, which prohibits the giving and accepting of kickbacks in real estate services.

The Court dismisses Plaintiffs' RESPA claims.  Both § 2605, and § 2607 are barred by a three-year and one-year statute of limitations respectively.  12 U.S.C. § 2614.  The statute of limitations period begins on the date of signing.  *See e.g.*, *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010).  Here, the Loan agreement was signed on January 4, 2005.  This suit did not commence until six years after that.  Plaintiffs' claims are time-barred and the Court dismisses them.

### E. Unfair Lending Practices (NRS 598D.100)

Plaintiffs allege Defendants violated Nevada's Unfair Lending Practices Statute, NRS 598D.100.  This statute prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan."  NRS 598D.100(1)(b).  Instead of alleging specific facts showing how Defendants failed to adhere to this statutory requirement, however, Plaintiffs simply copy the language of the statute into their Complaint and allege that Defendants failed to use commercially reasonable means to ensure that the refinanced loan could be repaid.  It is not enough under Rule 12(b)(6) to copy the language of a given statute.  *See Twombly*, 550 U.S. at 557.  Because Plaintiffs do not

1    allege specific facts showing how Defendants' violated the Unfair Lending Practices Statute, the

2    Court grants Defendants' Motion to Dismiss this claim.

3    **F. Breach of the Covenant of Good Faith and Fair Dealing**

4              Under Nevada law, "[e]very contract imposes upon each party a duty of good faith

5    and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 105

6    Nev. 913, 784 P.2d 9, 9 (1989) (quoting Restatement (Second) of Contracts § 205). "[W]hen one

7    party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages

8    may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis*

9    *Prods.*, 107 Nev. 226, 808 P.2d 919, 923 (1991).

10             Plaintiffs' claim for breach of the duty of good faith and fair dealing fails because

11   they do not allege facts indicating that Defendants were "unfaithful to the purpose of the contract."

12   *See Hilton Hotels*, 808 P.2d at 923. Instead of asserting that Defendants violated the terms of the

13   mortgage agreement, they argue that Defendants gave them a higher interest rate than their credit

14   qualified them for and that they gave conflicting disclosures regarding the type of the loans

15   Plaintiffs would receive. Even assuming these assertions are true, Plaintiffs have not stated a

16   viable claim because none of these allegations show that Defendants violated the terms of the

17   written mortgage contract. A party cannot breach the covenant of good faith and fair dealing

18   before a contract is formed. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157

19   F.3d 933, 941 (2d Cir.1998) ("an implied covenant relates only to the performance of obligations

20   under an extant contract, and not to any pre-contract conduct"). Because Plaintiffs' claim revolves

21   entirely around alleged promises and misrepresentations made before the contract was entered

22   into, it fails as a matter of law. The Court therefore dismisses Plaintiffs' claim for breach of the

23   covenant of good faith and fair dealing.

24             The Court does, however, note that in the Plaintiffs' Opposition to the Motion to Dismiss,

25   the Plaintiffs allege that certain Defendants initiated foreclosure proceedings while the Plaintiffs

26   were making payments pursuant to a modified payment plan. While this could amount to a breach

6

1    in contract, no such claim is made in the complaint, and additional arguments within a subsequent

2    filing may not amend a complaint.  *See* Local rule 15-1.  Because these arguments were not raised

3    in the complaint, it cannot be grounds to deny the Motion to Dismiss.

4         **G. Fraud**

5              The Plaintiffs' fraud claim is insufficiently plead. In order to state a claim for fraud

6    in Nevada, a plaintiff must allege that (1) the defendant made a false representation; (2) the

7    defendant knew or believed the representation to be false; (3) the defendant intended to induce

8    plaintiff to rely on the misrepresentation; and (4) the plaintiff suffered damages as a result of his

9    reliance.  *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1386 (1998).  Federal Rules

10   of Civil Procedure Rule 9(b)  requires that "circumstances constituting the fraud . . . shall be stated

11   with particularity."  Pleading fraud with particularity requires "an account of the time, place, and

12   specific content of the false representations, as well as the identities of the parties to the

13   misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir.2007).

14             The Court finds Plaintiffs have not alleged facts sufficient to support each of these

15   elements of their fraud claim.  Plaintiffs merely allege that Defendant's"misrepresented material

16   representations" without any detail of what those misrepresentations actually were.  Plaintiff's

17   further allege that they received a high interest variable rate instead of a low interest fixed rate, but

18   make no mention of any representation by Defendants that they would receive a low interest fixed

19   rate.  Finally, the Plaintiff's allege they were encouraged to assume a mortgage payment higher

20   than what they were used to paying in rent.  However, again they fail to mention any

21   misrepresentation on the part of the Defendant's in relation to this encouragement.  The Court

22   finds that these allegations of fraud have not been pleaded with particularity so as to satisfy the

23   requirements of Rule 9(b).  Accordingly, the Court dismisses this claim.

24        **I. Emotional Distress**

25             Plaintiffs bring a claim for emotional distress, claiming that Defendants' "unlawful

26   and illegal actions," caused them to suffer "extreme personal, mental, and emotional anguish."

AO 72
(Rev. 8/82)

1  Although Plaintiffs do not indicate whether they are bringing a claim for intentional or negligent

2  infliction of emotional distress, the Court interprets this claim as one for intentional infliction of

3  emotional distress.  The Court does so because nowhere in the Complaint do Plaintiffs allege that

4  Defendants acted negligently.  Instead, the Complaint repeatedly addresses Defendants'

5  "intentional" and "knowing" misrepresentations regarding the refinancing contract.  Given these

6  allegations, if Defendants are liable for causing emotional distress, it will be because they have

7  done so intentionally.

8          In order to establish a claim for intentional infliction of emotional distress in

9  Nevada, a plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct

10  with the intention of causing emotional distress or with reckless disregard for plaintiff's emotional

11  distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the

12  defendant's action were the proximate cause of plaintiff's emotional distress.  *Jordan v. State*, 121

13  Nev. 44, 110 P.3d 30, 52 (2005).  The Court finds Plaintiffs' claim fails as a matter of law because

14  they fail to allege facts indicating that Defendants acted in an extreme or outrageous manner.

15  Misrepresenting information contained in a loan document does not, in and of itself, constitute

16  extreme or outrageous conduct.  *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th

17  Cir.2007).  Moreover, "[t]o qualify as extreme and outrageous, the conduct at issue must be so

18  outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,

19  and to be regarded as atrocious and utterly intolerable in a civilized community."  *Id*. Defendants'

20  alleged misconduct, even if true, does not rise to this level.  The Court therefore grants Defendants'

21  Motion to Dismiss this claim.

22      **J. Quiet Title**

23          Finally, Plaintiffs bring an action to quiet title, arguing that the foreclosure was

24  "wrongful, invalid, and ... voidable" and that by foreclosing on the property, Defendants

25  committed "slander of title."  This assertion fails to state a claim under Rule 12(b)(6). Plaintiffs

26  provide no legal or factual justification for their quiet title claim other than the conclusory

AO 72
(Rev. 8/82)

allegation that the foreclosure was wrongful, invalid, and voidable.  The Court therefore finds that Plaintiffs' quiet title claim does not rise above a speculative level.  Defendants' Motion to Dismiss this claim is granted.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#19) is GRANTED. Plaintiff's claims are dismissed without prejudice.

IT IS FURTHER ORDERED that Defendants Motion to Expunge Lis Pendens (#19) is GRANTED.

Dated: August 24, 2012.

**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)